UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 19-10163-IT |
| | ) | |
| 1.  MANUEL PINA-AGEE, | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**TALWANI, D.J.**

WHEREAS, on May 15, 2019, a federal grand jury in the District of Massachusetts
returned a seven-count Indictment charging defendant Manuel Pina-Agee (the "Defendant"), and
others, with Conspiracy to Distribute and to Possess with Intent to Distribute 40 Grams or More
of Fentanyl, 10 Grams or More of Furanyl Fentanyl, Heroin, Cocaine, and Marijuana, in
violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(vi) (Count One); Distribution and Possession
with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count Two); Possession
with Intent to Distribute 10 Grams or More of Furanyl Fentanyl in violation of 21 U.S.C.
§§ 841(a)(1) and (b)(1)(B)(vi) (Count Four); and Felon in Possession of Firearms and
Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Six);

WHEREAS, the Indictment included a Drug Forfeiture Allegation, pursuant to 21 U.S.C.
§ 853, which provided notice that the United States intended to seek the forfeiture, upon
conviction of the Defendant of any offense alleged in Counts One through Five of the
Indictment, of any property constituting, or derived from, any proceeds obtained, directly or
indirectly, as a result of such offenses; and any property used, or intended to be used, in any
manner or part, to commit, or to facilitate the commission of, such offenses;

WHEREAS, the property to be forfeited included, but was not limited to, the following asset:

    a.  $500,000, to be entered in the form of a forfeiture money judgment;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on November 26, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pleaded guilty to Counts One, Two, Four and Six of the Indictment;

WHEREAS, during the hearing, the United States gave a recitation of the facts and provided notice that the United States intended to seek a forfeiture money judgment against the Defendant;

WHEREAS, the Defendant agreed to forfeiture to the extent set forth in the Indictment, and specifically, agreed to forfeit to the United States a money judgment in the amount of $50,000 in United States currency, on the grounds that such amount is equal to the amount Defendant derived as a result of his violations of 21 U.S.C. § 846 and 841;

WHEREAS, at the hearing, the Defendant agreed that he would not challenge the forfeiture order, and therefore, the Defendant agreed to a forfeiture Money Judgment in the amount of $50,000 to the United States, pursuant to 21 U.S.C. § 853;

WHEREAS, based on the Defendant's admissions and his guilty plea at the Rule 11 hearing on November 26, 2019, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $50,000, pursuant to 21 U.S.C. § 853;

WHEREAS, this amount represents monies that resulted from the Defendant's violations of 21 U.S.C. §§ 846 and 841; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Defendant shall forfeit to the United States the sum of $50,000 in the form of a forfeiture money judgment, pursuant to 21 U.S.C § 853.

2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.      The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth above to satisfy the money judgment in whole or in part.

4.      The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), any discovery to identify, locate, or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.      Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

Dated:  5/18/2020

INDIRA TALWANI
United States District Judge